IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| William Von Long, | ) | Case No. 4:19-cv-02934-DCC |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Keven B. Suggs, | ) | |
| Defendant. | ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. ECF Nos. 1, 14. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On December 17, 2019, the Magistrate Judge issued a Report recommending that Plaintiff's amended complaint be dismissed without prejudice and without issuance and service of process. ECF No. 19. Plaintiff filed objections to the Report. ECF No. 22.

**APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or

recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Plaintiff raises claims for false arrest and malicious prosecution. To state a claim for malicious prosecution, a plaintiff must show at least, that "defendant[s] have seized [plaintiff] pursuant to legal process that was not supported by probable cause and that the criminal proceedings [have] terminated in [plaintiff's] favor." *Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005) (internal citations and quotations omitted). In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a § 1983 claim could not be pursued based on allegations of unlawful circumstances surrounding the criminal prosecution until a conviction was set aside or charges finally dismissed without the possibility of revival. Plaintiff has not shown that the charge connected to his allegations has been favorably terminated; thus, his claims for malicious prosecution are subject to summary dismissal.

With respect to Plaintiff's claim for false arrest, his filings establish that he was arrested pursuant to a facially valid warrant. Accordingly, any false arrest claims are subject to summary dismissal. See *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) (holding that under § 1983, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant" (internal citations omitted)).

In his objections, Plaintiff's appears to restate his argument that he was arrested on December 28, 2006, and the warrant was issued December 29, 2006. As noted by the Magistrate Judge, to the extent he is attempting to assert a claim that is not barred by *Heck*, the statute of limitations of three years has long expired. *See* S.C. Code Ann. § 15-3-530(5); *see also Huffman v. Tuten*, 446 F.Supp.2d 455 (D.S.C. 2006); *Thompke v. City of Myrtle Beach*, No. 05–452, 2007 WL 950388, * 5 (D.S.C. March 26, 2007).

## CONCLUSION

Accordingly, the Court adopts the recommendation of the Magistrate Judge. This action is **DISMISSED** without prejudice and without issuance of service of process.[1]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

January 27, 2020
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] The Fourth Circuit has held a dismissal without prejudice to be final and appealable when dismissed because claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 624 (4th Cir. 2015) (*citing Young v. Nickols,* 413 F.3d 416, 418 (4th Cir. 2005)). Also, the Court has the inherent power to manage its docket and the nature of a dismissal is a matter for the court's discretion. *Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278 (4th Cir. 2018). Moreover, in a prior order in this case, Plaintiff was given notice and opportunity to file an Amended Complaint to attempt to cure any deficiencies and Plaintiff availed himself of such opportunity.